1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    AMBER HAASE,                          No. 2:09-cv-01751-MCE-GGH

12            Plaintiff,

13        v.                                MEMORANDUM AND ORDER

14    AERODYNAMICS INCORPORATED, a
      corporation; ADI SHUTTLE
15    GROUP, LLC, a limited
      liability company; and DOES
16    ONE through FIFTY, inclusive,

17            Defendants.

18                              ----oo0oo----

19

20        Plaintiff Amber Haase seeks monetary relief from Defendants

21    Aerodynamics Incorporated and ADI Shuttle Group, LLC for Unlawful

22    Employment Practices in violation of the California Fair

23    Employment and Housing Act and for Wrongful Termination in

24    violation of California public policy.[1]

25    ///

26

27        [1] Because oral argument was not of material assistance, the
      Court ordered this matter submitted on the briefs.  E.D. Cal.
28    Local Rule 78-230(h).

                                      1

1    Presently before the Court is Plaintiff's Motion to Remand
2  this action to the Superior Court of the State of California for
3  the County of Sacramento, pursuant to 28 U.S.C. § 1447(c), on
4  grounds that this Court lacks removal jurisdiction under 28U.S.C.
5  § 1441(b).  For the reasons set forth below, the Court denies
6  Plaintiff's Motion to Remand.
7
8                          **BACKGROUND**
9
10    Plaintiff, a California resident, worked for Defendant ADI
11  Shuttle Group, LLC ("ADI") as a full time flight attendant
12  beginning in July 2004.  (Compl. ¶ 13.)  This action is based on
13  alleged acts of discrimination that occurred during Plaintiff's
14  employment and eventual termination.  Plaintiff alleges that ADI
15  engaged in a pattern and practice of disregarding Plaintiff's
16  California Pregnancy Disability Leave Rights, which she claims
17  ultimately led to her retaliatory termination on December 5,
18  2008.
19    Plaintiff is suing not only her former employer, ADI, but
20  also ADI's parent company, Aerodynamics Incorporated
21  ("Aerodynamics") under theories of alter ego and integrated
22  enterprise.  (Compl. ¶¶ 4-10.)  Defendant ADI is a limited
23  liability company formed under the laws of the State of Delaware
24  with its principal place of business in the State of Michigan.
25  (Def.'s Notice of Removal ¶ 13.)  Defendant Aerodynamics is a
26  corporation incorporated under the laws of the State of Michigan
27  with its principal place of business in the State of Michigan.
28  (Def.'s Notice of Removal ¶ 12.)

                               2

1    Plaintiff filed the present action on May 7, 2009 in the

2 Superior Court of the State of California for the County of

3 Sacramento alleging state law claims of Unlawful Employment

4 Practices and Wrongful Termination in violation of public policy.

5 Plaintiff's Complaint alleges general damages for each claim "in

6 excess of the jurisdictional limits of the Superior Court" as

7 well as for undetermined special damages, punitive damages, costs

8 and interest.  (Compl. 16-17.)  Plaintiff also seeks recovery of

9 attorney's fees for the Unlawful Employment Practices Claim.

10 (Compl. 16.)

11    On July 21, 2009, Defendants removed the action to this

12 Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity

13 jurisdiction.  Plaintiff now moves to remand the action back to

14 the state court pursuant to 28 U.S.C. § 1447(c) on the grounds

15 that removal was improper under 28 U.S.C. § 1441(a) and (b)

16 because Defendants failed to prove by the preponderance of the

17 evidence that the amount in controversy exceeds $75,000 as

18 required to confer this Court with original jurisdiction under

19 28 U.S.C. § 1332.

20

21                            **STANDARD**

22

23    A defendant may remove any civil action from state court to

24 federal district court if the district court has "original

25 jurisdiction" over the matter.  28 U.S.C. § 1441(a).  Generally,

26 district courts have original jurisdiction over civil actions in

27 two instances:

28 ///

1  (1) where there is complete diversity between the parties, or

2  (2) where a federal question is presented in an action arising

3  under the Constitution, federal law, or treaty.   28 U.S.C.

4  §§ 1331 and 1332.

5      Where jurisdiction is founded on diversity, 28 U.S.C. § 1332

6  requires that the amount in controversy exceed $75,000.00.

7  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090

8  (9th Cir. 2003).   The removing party bears the burden of

9  establishing federal jurisdiction.   Ethridge v. Harbor House

10 Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).   If the

11 jurisdictional amount in controversy is not facially apparent

12 from the state court complaint, i.e., if the plaintiff has not

13 sought a specific amount in damages or if the amount sought is

14 unclear, then the court must look beyond the facts of the

15 complaint and apply the preponderance of the evidence standard.

16 Walker, 627 F. Supp. 2d at 1141; Sanchez v. Monumental Life Ins.

17 Co., 102 F.3d 398, 404 (9th Cir. 1996); Guglielmino v. McKee

18 Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).   Accordingly, in

19 order to defeat a motion to remand, the removing defendant must

20 prove by a "preponderance of the evidence" that the amount in

21 controversy requirement has been met.   Sanchez, 102 F.3d at 404

22 ("[T]he defendant must provide evidence establishing that it is

23 'more likely than not' that the amount in controversy exceeds

24 that amount.").

25      In determining whether the jurisdictional requirement has

26 been met in such cases, the court may consider evidence submitted

27 subsequent to the notice of removal, including evidence submitted

28 in conjunction with an opposition to a motion to remand.

1 Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002);

2 see Willingham v. Morgan, 395 U.S. 402, 407 n.3, 89 S. Ct. 1813,

3 23 L. Ed. 2d 396 (1969) ("[I]t is proper to treat the removal

4 petition as if it had been amended to include the relevant

5 information contained in the later-filed affidavits.").

6      The district court has broad discretion in determining

7 whether the defendant has made the requisite showing.  See

8 Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 749-50

9 (3rd Cir. 1995); Rubel v. Pfizer, Inc., 361 F.3d 1016, 1019-20

10 (7th Cir. 2004).  Furthermore, courts construe the removal

11 statute strictly against removal.  Gaus v. Miles, Inc., 980 F.2d

12 564, 566 (9th Cir. 1992) (citations omitted).  Therefore, if

13 there is any doubt as to the right of removal in the first

14 instance, remand must be granted.  See Gaus, 980 F.2d at 566.

15 Furthermore, if at any time before final judgment it appears that

16 a district court lacks subject matter jurisdiction, the case

17 shall be remanded to state court.  28 U.S.C. § 1447(c).

18      If the district court determines that removal was improper,

19 then the court may also award the plaintiff costs and attorney

20 fees accrued in response to the defendant's removal.  28 U.S.C.

21 § 1447(c).  The court has broad discretion to award costs and

22 fees whenever it finds that removal was wrong as a matter of law.

23 Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106

24 n.6 (9th Cir. 2000).

25 ///

26 ///

27 ///

28 ///

**ANALYSIS**

When federal jurisdiction is sought on the basis of diversity, jurisdiction will lie if the matter in controversy exceeds the sum or value of $75,000.00, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  The parties here do not dispute diversity of citizenship.  Accordingly, this motion turns on whether the requisite "amount in controversy" exists.

To successfully maintain this action in federal court, Defendants must demonstrate that the $75,000 minimum amount in controversy standard under 28 U.S.C. § 1332(a) has been met.  The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue in the action.  Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347-48, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977); Meisel v. Allstate Indemnity Co., 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). Here, Plaintiff has not pled a specific amount in damages other than that the general damages amount is "in excess of the minimum jurisdiction of" the California Superior Court, i.e., an undetermined amount in excess of $25,000.  (Compl. ¶¶ 58, 66.) Thus, because the amount in controversy is not facially apparent from the Complaint, Defendants bear the burden of actually proving, by a preponderance of evidence, the facts to support federal jurisdiction, namely, the jurisdictional amount. Sanchez, 102 F.3d at 403.  The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages.

6

1  <u>Simmons v. PCR Technology</u>, 209 F. Supp. 2d 1029, 1031 (N.D. Cal.

2  2002) (citing <u>Conrad Assoc. v. Hartford Accident & Indem. Co.</u>,

3  994 F. Supp. 1196, 1198 (N.D. Cal. 1998)).

4      Plaintiff asserts that the only evidence as to the amount of

5  damages is Plaintiff's lost wages and benefits totaling

6  $21,830.00 at the time of removal.  Plaintiff alleges that

7  Defendants' "attempt to fill the $53,170.00 gap" consists of

8  "speculation, estimates and guesses."  (Pl.'s Mot. 1.)

9  Defendants counter that Plaintiff's Complaint specifically

10  alleges general damages for emotional distress, special damages

11  for lost and future wages and benefits, exemplary (or punitive)

12  damages, and attorney's fees.  Defendants assert that "[e]ven

13  minimal awards of each of these kinds of damages and fees would

14  place the amount in controversy well in excess of $75,000."

15  (Defs.' Opp'n 3.)  As delineated below, the Court finds that

16  Defendants have satisfied their burden.

17

18      **A.    Compensatory Damages**

19

20      In determining the amount in controversy, the court may

21  consider compensatory damage claims for "general" or "special"

22  damages.  General damages are those that necessarily or usually

23  result from particular wrongful acts, and the mere statement of

24  the cause of action for the injury sufficiently implies that

25  these damages resulted.  Special damages are those that are not

26  considered to be so necessary or usual a result, and specific

27  notice is required when they are claimed.

28  ///

See In re Hawaii Federal Asbestos Cases, 734 F. Supp. 1563, 1567
(D. Hawaii 1990) ("Traditionally, damages fall into two
categories: special and general damages.  Special damages
compensate claimants for specific out-of-pocket financial
expenses and losses.  General damages provide compensation for
pain, suffering, and emotional distress.").

Furthermore, in an action by a single plaintiff against a
single defendant, all claims can be aggregated to meet the
minimum jurisdictional amount.  Wolde-Meskel v. Vocational
Instruction Project Community Services, Inc., 166 F.3d 59, 62 (2d
Cir. 1999); see Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber
Co., 465 F.2d 489, 491 (9th Cir. 1972).  Whether a single
plaintiff's claims against several defendants can be aggregated
for jurisdictional purposes depends on whether the defendants are
jointly liable to the plaintiff on each claim.  Sovereign Camp
Woodmen v. O'Neill, 266 U.S. 292, 297-98, 45 S. Ct. 49, 50-51
(1924); Libby, McNeill & Libby v. City Nat'l Bank, 592 F.2d 504,
509 (9th Cir. 1978).

As indicated above, the underlying complaint was filed in
state court.  Under California law, every complaint must contain
a prayer or demand for relief to which the plaintiff claims he or
she is entitled.  Cal. Civ. Proc. Code § 425.10(b).  The demand
is the decisive factor in determining the amount in controversy
for jurisdictional purposes.  Engebretson & Co. v. Harrison, 125
Cal. App. 3d 436 (4th Dist. 1981).  As master of his or her
complaint, the plaintiff may choose either to include a separate
prayer for each cause of action or to include a cumulative prayer
encompassing all causes of action.

8

1    Here, Plaintiff has chosen to plead a prayer of relief for
2  each cause of action.  In doing so, Plaintiff has prayed for
3  "general damages in excess of the jurisdictional limits of the
4  Superior Court" for each cause of action.  Therefore, Plaintiff
5  has claimed general damages, which include emotional distress
6  damages, in excess of $25,000 for each cause of action.  Given
7  the nature of the allegations and the claims presented, the Court
8  cannot say that Plaintiff's general damages estimate in this
9  regard is unreasonable or devoid of merit.  In addition,
10  Plaintiff has also alleged that the two defendants are jointly
11  liable for any damages under theories of alter ego and integrated
12  enterprise.  Accordingly, the damages pled by Plaintiff's two
13  causes of action can be aggregated.  Thus, Plaintiff has pled
14  general damages in excess of $50,000.

15    Furthermore, Plaintiff prays for "special damages in an
16  amount to be determined."  The amount in controversy must be
17  determined at the time of removal.  Meritcare, Inc. v. St. Paul
18  Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999).  At the
19  time of removal, Plaintiff's lost wage claim, a special damage,
20  totaled $21,830.  Therefore, on the face of the complaint,
21  Plaintiff has pled damages totaling $71,830.  Therefore, the
22  question is whether the sum of the remaining damages claimed by
23  Plaintiff, punitive damages and attorney's fees, total $3,170,
24  thereby satisfying the jurisdictional amount in controversy.
25  ///
26  ///
27  ///
28  ///

9

**B.    Punitive Damages**

Punitive damages may be considered in determining the amount in controversy if they are recoverable as a matter of state law. Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1997).  Plaintiff's action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900 et seq.  Punitive damages are available under FEHA. Cal. Gov. Code § 12940.  Accordingly, this Court may consider punitive damages when determining the amount in controversy.  See Simmons v. PCR Technology, 209 F. Supp. 2d 1029 (N.D. Cal. 2002).

When assessing the probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation.  See Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1033.  To this end, Defendants attempt to highlight jury verdicts with substantial punitive damage awards.  See, e.g., Lopez v. Bimbo Bakeries USA, Inc., No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave); Coziahr v. Chula Vista Elementary Sch. Dist., No. GIS24716, 2007 WL 4590579 (Cal. Super. Ct. Dec. 7, 2007) (awarding $1,012,720 to former grade school teacher claiming a pattern of gender and pregnancy discrimination over two-year period, ending in her termination).

///

///

///

10

Plaintiff objects to the proffered jury verdicts on the grounds that such are "not from any filed court opinion" but rather are "attorney reports which Thomson Reuters has posted on a West Law [sic] website." (Pl.'s Reply 12-13.)  Plaintiff further objects that the cited jury verdicts do not identify the amount awarded for punitive damages as differentiated from the compensatory award.  The Court does not address this argument as even a minimum award of punitive damages would satisfy the jurisdictional requirement.

**C.   Attorney's Fees**

Finally, attorney's fees may also be considered in determining the amount in controversy if such fees are recoverable by plaintiff, either by statute or by contract.  <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Attorney's fees are recoverable as a matter of right to the prevailing party under FEHA.[2]  Thus, because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy.

///
///
///
///
///

---

[2] In relevant part, California Government Code § 12965(b) provides: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs ...."

1    Plaintiff further objects to the inclusion of attorney's
2    fees in the jurisdictional calculation.  Plaintiff argues that in
3    every case in which a court has included attorney's fees in
4    determining the amount in controversy, there has been some
5    factual showing as to the amount of attorney's fees actually
6    being incurred.  Here, however, according to Plaintiff, "there is
7    absolutely no evidence of plaintiff's counsel's hourly rate, time
8    spent on work to date, or at what point this case may be
9    resolved" and thus "it is pure speculation as to what attorney's
10   fees may or may not be incurred."  (Pl.'s Reply 7.)  Again, the
11   Court does not address this argument as even a minimal award of
12   attorney's fees would cause the amount in controversy to exceed
13   the jurisdictional minimum.  <u>See</u> <u>Simmons</u>, 209 F. Supp. 2d at 1035
14   ("The court notes that in its twenty-plus years' experience,
15   attorneys' fees in individual discrimination cases often exceed
16   the damages.").

17       While an award of punitive damages and attorney's fees alone
18   would not necessarily exceed $75,000, when viewed in combination
19   with the alleged compensatory damages totaling $71,830, the
20   amount in controversy clearly exceeds the jurisdictional minimum.
21   Therefore, this Court is satisfied that Defendants have met their
22   burden of proving the jurisdictional minimum by a preponderance
23   of the evidence.  Thus, Plaintiff's Motion to Remand to state
24   court must fail.
25   ///
26   ///
27   ///
28   ///

12

**CONCLUSION**

    Based on the foregoing, Plaintiff's Motion to Remand (Docket No. 11) is DENIED.

    IT IS SO ORDERED.

Dated: October 16, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

13