1  (Counsel for the parties listed on next page)

2

3

4

5

6

7

8

9

10                          UNITED STATES DISTRICT COURT

11                          EASTERN DISTRICT OF CALIFORNIA

12                              SACRAMENTO DIVISION

13

14     AMBER HAASE,                          No.  2:09-cv-01751-MCE-GGH

15                    Plaintiff,

16            vs.                            **STIPULATION AND PROTECTIVE
                                             ORDER**

17     AERODYNAMICS INCORPORATED, a
       corporation; ADI SHUTTLE GROUP, LLC,
18     a limited liability company; and DOES ONE
       through fifty, inclusive,

19

20                    Defendants.

21

22

23

24

25

26

27

28

1  HAIG A. HARRIS, JR., (SB# 40494)
   NEIL S. TURNER, (SB# 75152)
2  SCAMPINI, MORTARA & HARRIS
   220 Montgomery Street, Suite 800
3  San Francisco, CA  94104
   Phone:   (415) 421-8556
4  Fax:     (415) 296-9322
   hharris@smhlaw.net
5  nturner@smhlaw.net

6  Attorneys for Plaintiff
   AMBER HAASE
7
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
8  NANCY L. ABELL (SB# 088785)
   515 South Flower Street, Twenty-Fifth Floor
9  Los Angeles, California 90071
   Telephone:   (213) 683-6000
10 Facsimile:   (213) 627-0705
   nancyabell@paulhastings.com
11
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
12 KATHERINE C. HUIBONHOA (SB# 207648)
   REGAN A.W. HERALD (SB# 251879)
13 55 Second Street, Twenty-Fourth Floor
   San Francisco, California 94105-3441
14 Telephone:   (415) 856-7000
   Facsimile:   (415) 856-7100
15 katherinehuibonhoa@paulhastings.com
   reganherald@paulhastings.com
16
   Attorneys for Defendants
17 AERODYNAMICS INCORPORATED
   ADI SHUTTLE GROUP, LLC
18

19

20

21

22

23

24

25

26

27

28

**STIPULATION**

Plaintiff Amber Haase and defendants Aerodynamics Incorporated ("Aerodynamics") and ADI Shuttle Group, LLC ("ADI"), (collectively, the "Parties" and each a "Party"), by and through their respective undersigned counsel, hereby stipulate as follows:

The Parties believe that it is necessary to have a protective order entered in this action to preserve the confidentiality of documents and information disclosed by the Parties in order to protect the Parties' legitimate business interests and privacy rights and the privacy rights of third parties.  The Parties therefore request that the Court enter the following as its protective order in this action.

A.      Confidential Information.

1.      Any Party, or counsel for such Party, may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed by that Party, through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth.  Counsel are permitted to designate as "CONFIDENTIAL" only those documents as to which counsel entertains a good-faith belief that such document is entitled to confidentiality.  Such designation will, without more, subject the information produced or provided under said designation to the provisions of this protective order.

2.      Any writing, document, or other information produced by any Party or person in this litigation may be designated as "CONFIDENTIAL" by marking the face of the writing, document, or other information with the legend "CONFIDENTIAL" in such a manner as will not interfere with the legibility thereof.

3.      The designation of information as "CONFIDENTIAL" may be made at any time; however, until designated as "CONFIDENTIAL" the information may be used and disclosed by the Party to whom they are disclosed without the restrictions imposed by this order.

4.      Any Party may designate as "CONFIDENTIAL" and subject to this protective order its responses to a discovery request by including in its response that the document or data is "CONFIDENTIAL" and subject to this order.  Any inadvertently omitted "CONFIDENTIAL" designation may be corrected by written notification to counsel of record for the other Party so

1   long as the correction is made promptly after discovery of the omission.

2       5.      Wherever it appears that confidential information may be revealed in a deposition

3   or evidentiary proceeding, a Party may designate the material as "CONFIDENTIAL" on the

4   record at the time of its disclosure or within 45 days after the Party's receipt of the deposition

5   transcript.   Upon such designation, the portion of the deposition containing confidential

6   information will be subject to the terms of this order.

7       6.      "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL"

8   pursuant to the terms of this order, as well as summaries and compilations derived from such

9   materials, including but not limited to charts, tables, graphs and models.

10  B.      Qualified Persons.

11      1.      Access to "CONFIDENTIAL" materials, as well as written or oral summaries or

12  accounts thereof, will be limited to the following "QUALIFIED PERSONS:"

13          a.      the parties who have signed the attached agreement to be personally bound

14                  by this order;

15          b.      officers, directors, in-house counsel, in-house legal staff, or employees of

16                  the Parties who are assisting counsel in the analysis and preparation of

17                  litigation;

18          c.      counsel of record for the Parties, including office associates, paralegals,

19                  stenographic and clerical employees;

20          d.      experts and consultants retained for the purpose of this litigation who have

21                  signed the attached agreement to be personally bound by this order;

22          e.      court personnel, including stenographic reporters engaged in such

23                  proceedings as are necessarily incident to this litigation; and

24          f.      witnesses interviewed by a Party's representatives or counsel, or persons

25                  deposed in this litigation, with a need to review "CONFIDENTIAL"

26                  materials, provided, however, that before such persons are shown or

27                  receive any "CONFIDENTIAL" materials, they first sign the attached

28                  agreement (Exhibit A) to be personally bound by this order.

C.      Use of Confidential Information.

        1.      Except upon prior written consent of the Party or counsel for the Party asserting the "CONFIDENTIAL" designation or upon further order of this Court, documents, testimony, information, or material designated as "CONFIDENTIAL" will be held in strictest confidence, will be kept securely, and will be used solely for the purpose of prosecution or defense of this litigation and not for any business or other purpose whatsoever.

        2.      No materials designated as "CONFIDENTIAL" will be disclosed or made available to any person except a "QUALIFIED PERSON" who has read and agrees to the terms of this order and has signed the attached acknowledgement that he or she is personally bound by the order.  "QUALIFIED PERSONS" will not use a "CONFIDENTIAL" document or material for any purpose other than analysis for preparation and trial of this action.   No party, including any "QUALIFIED PERSON," will make more copies of any "CONFIDENTIAL" document or material than are reasonably necessary to conduct this litigation.  The substance or content of "CONFIDENTIAL" materials will not be disclosed to anyone other than a "QUALIFIED PERSON."

        3.      Any Party who discloses a "CONFIDENTIAL" document or material to an expert, consultant, or witness, will maintain the signed written acknowledgements that such individuals are personally bound by this order, but will not be required to disclose the identities of persons having reviewed the "CONFIDENTIAL" materials.

        4.      If any Party, or such Party's counsel, objects to the designation of any document or material as "CONFIDENTIAL," the objecting Party will give the designating Party notice of the Party's objection.  If a meet-and-confer on the topic is unsuccessful, the designating Party will have 15 days from the conclusion of the meet-and-confer to move the Court for an order designating the document confidential.  Unless and until an order is entered to the contrary, the material will be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this order.  The designating Party will have the burden of establishing that the materials are deserving of confidential treatment in any such motion proceedings.

        5.      This order will not prevent any Party from seeking modification of this protective

1    order or from objecting to discovery that it believes to be otherwise improper.

2    D.    Waiver.

3        1.    The inadvertent or unintentional disclosure of "CONFIDENTIAL" materials will

4    not be construed as a waiver, in whole or in part, of the producing Party's claims that the

5    disclosed materials are "CONFIDENTIAL" and subject to the terms of this order.

6        2.    The failure of a Party to seek enforcement of this protective order will not be a

7    waiver of this order, and any waiver of this order by such Party as to specific "CONFIDENTIAL"

8    materials will not be a waiver as to any other "CONFIDENTIAL" materials.

9    E.    Retention and Return of Confidential Documents and Materials.

10        1.    Thirty (30) days after the final determination of this action, counsel of record for

11    each Party receiving "CONFIDENTIAL" documents or materials will, upon written demand,

12    assemble and return to the producing Party, or counsel for that Party, all such

13    "CONFIDENTIAL" materials as well as copies of such "CONFIDENTIAL" materials, including

14    such materials in the possession of experts or other "QUALIFIED PERSONS" who received

15    "CONFIDENTIAL" material from counsel.

16        2.    The provisions of this order will survive and remain in full force and effect

17    notwithstanding the entry of a final judgment in this case.  The Parties expressly agree that the

18    obligation to maintain the confidentiality of the material so designated continues beyond the entry

19    of final judgment.  This Court retains jurisdiction to enforce, construe, interpret, and amend the

20    provisions of this protective order.  Following the conclusion of this litigation, the Parties may

21    seek leave to reopen the case to enforce the provisions of this order, or to obtain such direction or

22    further decree as may be appropriate for the interpretation or enforcement of this protective order.

23    F.    Miscellaneous.

24        1.    Any amendment or modification of this order will be in writing and signed by the

25    Parties.

26        2.    Any Party may make whatever use it deems appropriate of its own

27    "CONFIDENTIAL" documents and materials, except if the Party discloses the document to a

28    third party not bound by this order (other than by means of an inadvertent or unintentional

-4-

1    disclosure), then the document will no longer be eligible for treatment under this order as

2    "CONFIDENTIAL."

3          3.      This order will be governed by California law.

4    G.    Violation of the Order.

5          In addition to other remedies available to the Parties, violation of this protective order will

6    subject the violator to all appropriate sanctions as provided under law.

7          Dated: November 20, 2009.        HAIG A. HARRIS, JR.
                                            NEIL S. TURNER
8                                           SCAMPINI, MORTARA & HARRIS

9

10                                          By:  /s/ Neil S. Turner_____
                                                       Neil S. Turner
11                                             Attorneys for Plaintiff Amber Haase

12         Dated: November 20, 2009.        NANCY L. ABELL
                                            KATHERINE C. HUIBONHOA
13                                          REGAN A.W. HERALD
                                            PAUL, HASTINGS, JANOFSKY & WALKER LLP
14

15

16                                          By:  /s/ Regan A. W. Herald_____
                                                       Regan A.W. Herald
17                                             Attorneys for Defendants
                                               Aerodynamics Incorporated
18                                             ADI Shuttle Group, LLC

19

20

21

22

23

24

25

26

27

28

-5-

1

**<u>ORDER</u>**

2

On the stipulation of the parties, and good cause appearing therefor,

3

IT IS SO ORDERED.

4

DATED:  12/7/2009

5

6

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

3

4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF CALIFORNIA

6

SACRAMENTO DIVISION

7

8

AMBER HAASE,                                           No.   2:09-cv-01751-MCE-GGH

9

              Plaintiff,

10

    vs.                                          **UNDERSTANDING AND**
                                          **AGREEMENT PURSUANT TO**

11

                                          **PROTECTIVE ORDER**

12

AERODYNAMICS INCORPORATED, a
corporation; ADI SHUTTLE GROUP, LLC,

13

a limited liability company; and DOES ONE
through fifty, inclusive,

14

              Defendants.

15

16

      By signing this document, I hereby certify that I have read the protective order (the

17

"Order") entered by the Court in this action.  I understand the responsibilities and obligations the

18

Order imposes on persons viewing the material encompassed by the Order, and I agree to be

19

bound by all of the provisions of the Order, so as to enable me to view the material encompassed

20

by the Order.  I understand that any violation of the Order by me or anyone acting under my

21

direction may subject me to penalties for contempt of Court and/or other relief sought by a party

22

to the above-captioned matter.  I hereby consent to the personal and subject matter jurisdiction

23

over me by the Court for purposes of enforcing my agreement here.

24

      Dated:_____      _____

25

                                                   Signature

26

                       _____

27

                                               Name

28